UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BOBBY RAY ALLEN                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12-cv-764-CWR-FKB

WARDEN FRANK SHAW                                                              DEFENDANT


REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation as to the Respondent's Motion to Dismiss [Docket No. 7] pursuant to 28 U.S.C. § 2244(d). For reasons set out below, the undersigned recommends that the Motion to Dismiss be **granted**.

FACTS AND PROCEDURAL HISTORY

By Order of the Circuit Court of Rankin County, Mississippi filed May 16, 2007, Petitioner was sentenced to a term of forty years in the custody of the Mississippi Department of Corrections ("MDOC"), with supervised release after he has served twenty years. Petitioner had entered a plea of guilty to a charge of sexual battery. Docket No. 7-2.

Though at the time of Petitioner's sentence there was an exception to the prohibition of appeals from guilty pleas, *see Seal v. State*, 38 So.3d 635, 637 (Miss. Ct. App. 2010), Petitioner did not appeal his guilty plea. Docket No. 1. Nor did Petitioner file a motion for post conviction relief. *Id.* On November 16, 2012, pursuant to the "mailbox rule,"[1] Petitioner filed the instant

---

[1] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner

1

petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. *Id.*

## DISCUSSION

In his petition, Allen argues that the writ of habeas corpus should be granted in his favor for the following reasons: he did not testify on his own behalf; ineffective assistance of counsel; he was not read his rights when he was arrested; and excessive sentence. Respondent did not answer the petition, but instead has moved for dismissal on the ground that the petition is untimely. In light of the Court's conclusion that the Respondent's motion should be granted, it will not address the substantiative issues presented in Allen's petition.

Respondent points to the revised 28 U.S.C. § 2244(d) as the basis for its motion. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Allen filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Allen's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), Respondent argues that Allen's petition is untimely. According to Respondent, Allen had until June 16, 2008,[2] to timely file his petition in this court. Instead, he filed it on November 16, 2012. Allen's petition was more than four years late.

Paragraph 18 of the Petition states:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain [sic] the one-year statute of limitations as contained in 28 U.C.S. § 2244(d) does not bar your petition.

Docket No. 1, p. 14. At the end of the foregoing paragraph the statute of limitations is even set out. *Id.* at 15. Petitioner left this portion of the Petition blank.

It is the undersigned's opinion that Allen's § 2254 Petition filed in this Court is untimely under 28 U.S.C. § 2244 and must be dismissed. Petitioner has not asserted any basis for tolling the limitations period. In the sections of the Petition seeking a reason for Petitioner's failure to exhaust each ground, Petitioner merely stated: "Because I didn't have a chance to." Docket No. 1, pp. 5, 7, 9, 10. The Court cannot glean any viable argument to defeat Respondent's motion.

---

[2]To arrive at the June 16, 2008 date, Respondent added thirty days to the date of Petitioner's sentence, since at the time he was sentenced Allen could have appealed his guilty plea arguing that the sentence was illegal, then added one year.

More than two months after the motion was filed, Plaintiff filed a "Motion to Grant Leave to Seek Petition for Writ of Habeas Corpus..." and wrote the Court a letter. Docket Nos. 8-9. Neither the pleading nor the letter presents any facts or arguments that would warrant tolling the one-year time bar of the AEDPA.

CONCLUSION

Accordingly, for the reasons stated above, Respondent's motion to dismiss should be **granted,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED this the 23rd day of May, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE